UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| BRYAN BREFIL, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No: |
| | ) |
| SUNBELT WASTE EQUIPMENT, | ) |
| LLC. | ) |
|    Defendant. | ) |
| _____ | ) |

## COMPLAINT

COMES NOW Plaintiff, BRYAN BREFIL ("Plaintiff"), by and through undersigned counsel, and sues Defendant, SUNBELT WASTE EQUIPMENT, LLC ("Defendant"), for violations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), and alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff is a natural person and resident of the State of Florida.

2. Plaintiff has been employed by Defendant since approximately August 1, 2024, and continues to be employed by Defendant.

3. Defendant, Sunbelt Waste Equipment, LLC, is a business entity doing business in the State of Florida, including at 1080 Commerce Drive, LaBelle, Florida 33935.

1

4. At all times material, Defendant was an employer within the meaning of 29 U.S.C. §203(d).

5. At all times material, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1).

6. Upon information and belief, Defendant has annual gross sales or business done in excess of $500,000.00.

7. Defendant regularly handled goods, vehicles, machinery, tools, parts, and materials that moved in interstate commerce.

8. Plaintiff was individually engaged in interstate commerce during the course of his employment with Defendant.

9. This Court has jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as the acts complained of occurred within this judicial district and Defendant conducts business within this district.

## STATEMENT OF FACTS

11. Defendant employed Plaintiff as a Mobile Lead Heavy Equipment Technician.

12. Plaintiff's primary duties included servicing heavy equipment,

diagnostics, repairs, maintenance, and traveling throughout Florida to customer locations.

13.   Plaintiff was paid on an hourly basis.

14.   Plaintiff's highest regular rate of pay was approximately $40.63 per hour.

15.   Plaintiff regularly worked approximately fifty (50) to sixty (60) hours per week.

16.   During one or more workweeks, Plaintiff worked in excess of forty (40) hours.

17.   Plaintiff's job regularly required travel to remote customer sites and travel time associated with field service assignments.

18.   Defendant maintained timekeeping and payroll records through electronic systems, including Paycor.

19.   Despite actual hours worked, Defendant regularly edited, reduced, rounded down, deleted, and/or altered Plaintiff's recorded time entries

20.   Managers and administrative personnel, including Richard Hindes, Alison Anca, and Sarai Llanes, changed Plaintiff's clock-in and clock-out times so that Plaintiff was not paid for all hours worked.

21.   By way of example, on or about January 15, 2026, Plaintiff's mobile clock-out entry reflecting work performed until approximately 11:27

3

p.m. was deleted and replaced with a manual 4:30 p.m. entry. Similar edits occurred on additional occasions, including February 13, 2026 and February 19, 2026, when later evening mobile clock-out entries were replaced with earlier manual entries.

22. Defendant failed to compensate Plaintiff for travel time that was integral and indispensable to his principal work activities, including travel occurring after completion of service calls.

23. Defendant, through administrative personnel including Alison Anca, also inserted unpaid meal breaks into Plaintiff's time records on days when Plaintiff continued working through lunch periods.

24. On or about January 27, 2026, unpaid lunch periods were retroactively inserted into multiple prior workdays despite Plaintiff continuing to perform compensable work during those periods.

25. On information and belief, Plaintiff performed work reflected in service records and work orders for which corresponding compensable time was omitted or reduced from payroll records.

26. Plaintiff complained in writing regarding compensation and unpaid wage issues.

27. Defendant knew or should have known that Plaintiff was working overtime hours.

28. Based on Plaintiff's preliminary review of Paycor audit records, more than twenty-five (25) hours of recorded work time appear to have been removed or altered through manual supervisor intervention.

29. Defendant failed to compensate Plaintiff at one and one-half times his regular rate of pay for all hours worked over forty (40) in a workweek.

30. Defendant's unlawful pay practices have continued during Plaintiff's employment and continuing through the present.

31. Defendant's violations were willful and in reckless disregard of the FLSA.

32. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages including unpaid overtime wages.

33. Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, attorney's fees, and costs.

## COUNT I
## UNPAID OVERTIME WAGES IN VIOLATION OF FAIR LABOR STANDARDS (FLSA)

34. The allegations of paragraphs 1 through 33 as set forth above are re- alleged in full and incorporated herein by reference.

35. Plaintiff was an employee of Defendant within the meaning of the FLSA.

36.    Defendant was Plaintiff's employer within the meaning of the FLSA.

37.    Plaintiff was a non-exempt employee under the FLSA.

38.    During his employment with Defendant, Plaintiff regularly worked more than forty (40) hours in one or more workweeks.

39.    Defendant failed to compensate Plaintiff at one and one-half times his regular rate of pay for hours worked in excess of forty (40) per workweek.

40.    Defendant's failure to pay overtime wages violated 29 U.S.C. §207.

41.    Defendant's violations were willful, entitling Plaintiff to recover liquidated damages pursuant to 29 U.S.C. §216(b).

42.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages including lost wages and other compensation.

## DEMAND FOR JURY TRIAL

43.    Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and award:

A. Unpaid overtime wages;

B. Liquidated damages equal to the amount of unpaid overtime wages;

C. Attorney's fees and costs pursuant to 29 U.S.C. §216(b);

D. Pre-judgment and post-judgment interest as allowed by law;

E. Such other and further relief as this Court deems just and proper.

RESPECTFULLY submitted this June 4, 2026.

*/S/ Kyle J. Lee*
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343·2813
Kyle@KyleLeeLaw.com
Team@KyleLeeLaw.com

7